[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Lorina Vernovai of Oakville, Connecticut on December 11, 1985 fell upon exiting the governor's official Hartford residence and thereafter brought this complaint for damages. The case was tried courtside on August 28, 29 and 30, 1990. The issues are found for the plaintiff and she is awarded $50,000.00 damages plus $3,505.44 special damages and taxable costs.
From the admissions in the pleadings and the evidence deemed credible, the court makes the following findings of fact:
1. On December 11, 1985, Lorina Vernovai, then 61 years of age, with her husband was invited by the governor to a Christmas gathering at the executive residence, 990 Prospect Street in Hartford, Connecticut. CT Page 1955
2. The executive residence is owned by the state and in 1985, the named defendant, Stephen J. Negri, was the Commissioner of the Department of Administrative Services charged with maintaining the official residence in a reasonably safe condition.
3. At approximately 8:30 p. m., Mrs. Vernovai exited the front door of the residence in the company of her husband, Michael, her friend, Karen Bavone, and a Connecticut State Trooper, then assigned to the governor's security detail, who was providing supportive assistance to departing guests. At the time of the plaintiff's departure, the immediate area was dark and it was misty.
4. The plaintiff proceeded out the front door of the residence onto a landing and was caused to fall at the site of a raised step immediately outside this front door just beyond the landing, as generally depicted in plaintiff's Exhibit A.
5. Mrs. Vernovai's fall was caused by the government's negligence in that: a) the situs of the fall was not properly illuminated; b) an outside carpet, dark blue in color, covered the walkway and step in question in such a way that it blurred one's vision of the raised step's existence and created the false impression of there being no step down; and because the state failed to warn of this unsafe condition.
6. As a result of the fall, Mrs. Vernovai suffered the following injuries: a) a "serious" Colles fracture of the right wrist, which was reset and treated over several months by her orthopedist, Charles R. Beaumont; b) a right carpal tunnel syndrome, which was repaired by Dr. Beaumont's corrective surgery March 31, 1986; a noticeable deformity of the right lower arm and hand accompanied by slight scarring.
7. As a further result of the government's negligence and the necessary resulting surgical procedures experienced by Mrs. Vernovai, she has suffered pain, headaches, dizziness, insomnia and a general embarassment in public because of the resulting deviation of her right arm and wrist prompting her hiding this physical condition by wearing long-sleeved blouses.
8. The plaintiff also experienced substantial physical limitations as a result of the government's negligence in her ability to drive an automobile and to do the domestic work of her home. She continues to be unable to do any type of heavy domestic work and experiences pain.
9. The lady plaintiff, as a result of the government's negligence, has suffered 20% permanent and partial disability of CT Page 1956 her right wrist and hand and has a life expectancy of 15.1 years.
10. Because of this December 11, 1985 fall, the plaintiff has incurred the following special damages:
 Dr. Charles Beaumont $2,125.00 Waterbury Hospital (E.R. 12/12/85) 169.24 Waterbury Hospital (Surgery 3/31/86) 434.00 Waterbury Anesthesiology Associates 256.00 Easter Seal Rehabilitation Center 235.00 St. Francis Hospital, E.R. 221.79 Radiology Associates of Hartford 64.41 --------- TOTAL $3,505.44
 III.
We conclude that Mrs. Vernovai was an invitee on premises owned by the State of Connecticut and that the government owed her a duty to maintain those premises in a reasonably safe condition, but it breached that duty. Consequently, she suffered the damages and special damages found by the court. Further, we conclude that the plaintiff was not negligent.
Lorina Vernovai is awarded $50,000 damages; $3, 505.44 special damages plus taxable costs.
A judgment may enter against the State of Connecticut in the amount of $53,505.44 plus taxable costs.
So ordered.
WILLIAM PATRICK MURRAY, J. A Judge of the Superior Court